[Cite as *Barnett v. Combs*, 2011-Ohio-5947.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MARIA BARNETT                           :

     Plaintiff-Appellee              :           C.A. CASE NO. 24134

v.                                      :           T.C. NO.    08CV7517

SCOTT COMBS, et al.                     :            (Civil appeal from
                                                    Common Pleas Court)

     Defendant-Appellant             :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the  ____18th____  day of  __November__ , 2011.

. . . . . . . . . .

MARTY A. BEYER, Atty. Reg. No. 0060078, 1900 Kettering Tower, 40 N. Main Street, Dayton, Ohio 45423
     Attorney for Plaintiff-Appellee

GARY W. GOTTSCHLICH, Atty. Reg. No. 0003760 and MARTINA M. DILLON, Atty. Reg. No 0066942, 201 E. Sixth Street, Dayton, Ohio 45402
     Attorneys for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Scott Combs appeals from a judgment of the Montgomery County Court of Common Pleas, which found that Combs had purchased the property located at 2440 Merrill Road for $150,000, that he had paid approximately $70,000,

and that he owed approximately $80,000 to Maria Barnett. Combs claims that there was no evidence that $50,000 of the $80,000 was owed to Barnett. He asserts that, if owed to anyone, the $50,000 was owed to Howard Miles.

{¶ 2} This litigation arose out of a series of transactions to purchase the Merrill Road property. After a bench trial, the trial court found the following facts:

{¶ 3} "1. This journey, fueled by family dynamics, the desire to avoid the grasp of the Internal Revenue Service (IRS), the Great Recession, and a bit of greed, began when Clifford Browning, Maria Barnett's ex-husband and Kent Browning's father, purchased the real estate located at 2440 Merrill Road, Dayton, Ohio 45414 for Howard and Leah Miles. Mr. and Mrs. Miles, pursuant to the parties' unconventional arrangement, paid Clifford Browning $75,000.00 of the home's $125,000.00 purchase [price] with the remaining $50,000.00 owing but with no arrangement concerning when or how this amount would be paid. The agreement between Clifford Browning and Mr. and Mrs. Miles was not reduced to writing, and the deed to the real estate remained in Clifford Browning's name. Years passed, some ten or so, without any reduction in the $50,000.00 balance so that when Scott Combs purchased the real estate Mr. and Mrs. Miles still owed Clifford Browning the $50,000.00 balance;

{¶ 4} "2. Mr. and Mrs. Miles, in 2007, contemplated a move to a home in Hillsboro, Ohio, but in order to do so, they needed to sell the Merrill Road property to generate the $100,000.00 needed to purchase the Hillsboro home. This is what prompted the involvement of Kent Browning, Maria Barnett, and Scott Combs;

{¶ 5} "3. Scott Combs is a plumber who has operated a small plumbing

business for a number of years. Mr. Combs, over the years, has failed to pay income taxes on income generated by the plumbing business with the resulting, and inevitable, IRS involvement. Mr. Combs, in the period leading up to his purchase of the Merrill Road property, was doing quite well based upon a contract with Ryan Homes for the installation of plumbing into newly constructed homes;

{¶ 6} "4. Kent Browning lives at 2500 Merrill Road which is located next to 2440 Merrill Road. Scott Combs and Kent Browning were boyhood friends who, for many years, lost contact with each other. Kent Browning and Mr. Combs reconnected in late 2006 or early 2007. Kent Browning was aware of Mr. and Mrs. Miles' desire to sale 2440 Merrill Road, and, suspecting Mr. Combs might have an interest in the property, he introduced Mr. Combs to Howard Miles. This introduction lead [sic] to Mr. Combs and Mr. Miles reaching, in early June 2007, an agreement concerning the sale of 2440 Merrill Road. The terms of the agreement, never reduced to any writing (at least as to Mr. Combs and Mr. Miles), included a purchase price of $150,000.00 with a $100,000.00 down payment. There was no specific agreement concerning how or exactly when the remaining $50,000.00 would be paid, with this amount being, of course, the amount Mr. Miles owned Clifford Browning. Further, there was no agreement concerning any interest rate on the $50,000.00 balance;

{¶ 7} "5. Scott Combs, using income generated from his business and other sources, quickly paid Mr. Miles $70,000.00 of the agreed upon $100,000.00 down payment. The remaining $30,000.00 is the factor that brought Maria Barnett into the mix;

{¶ 8} "6.  Scott Combs, because of his IRS difficulties, could not secure a loan for the $30,000.00 gap.  Kent Browning, therefore, and somewhat inexplicably, persuaded his mother, Maria Barnett, to obtain a $30,000.00 loan to fill the gap;

{¶ 9}  "7.  Ms. Barnett, on July 13, 2007, obtained a $30,000.00 loan from National City Bank (National City).   The loan's term was for fifteen years at 7.498% interest creating for Ms. Barnett a $279.92 monthly payment. (Exhibit 3)   The loan proceeds were paid to Howard Miles completing the $100,000.00 Mr. and Mrs. Miles needed.   No specific agreement was reached concerning the terms of the repayment of the $30,000.00.   Mr. Combs, however, indicated he would repay the $30,000.00 as quickly as possible, with the anticipation being that the repayment would only take a few months.   Further, Mr. Combs agreed that until he paid off the loan he would be responsible for Mrs. Barnett's loan payment, including interest.  Mr. Combs, additionally, agreed to pay and hold Ms. Barnett harmless for any expenses associated with the home including property taxes, insurance, and trash pick-up;

{¶ 10} "8.   Clifford Browning executed a quit claim deed transferring his interest in 2440 Merrill Road to Maria Barnett.   The deed was recorded on July 16, 2007.   The deed, it is noted, reflects a purchase price of $125,000.00.   Ms. Barnet did not pay Clifford Browning any amount and no explanation was presented concerning why the deed reflects a purchase price;

{¶ 11} "9.  The above events lead [sic] to Maria Barnett and Scott Combs, on August 1, 2007, signing a document created by Kent Browning indicating that

Scott Combs purchased 2440 Merrill Road from Maria Barnett, that the purchase price was $150,000.00, that Scott Combs paid $70,000.00 and that when the $80,000.00 balance is paid the 'house at 2440 Merrill Road, Dayton, Ohio 45414 will be PAID IN FULL.' (Exhibit 1);

{¶ 12} "10. At this point, August 1, 2007, all was well with the transaction, but two events occurred which triggered the pending litigation. The first event was the destruction of the housing market (here as elsewhere) which eliminated Mr. Combs' work for Ryan Homes and, thus, his ability to generate significant funds in a relatively short period. The second event arose from the family dynamic between Clifford and Kent Browning. Clifford and Kent are estranged with this estrangement flowing, as it often does, from a financial dispute over an antiques business resulting in Clifford Browning, at least from Kent's perspective, owing Kent Browning $50,000.00. Clifford Browning, to eliminate the asserted debt, verbally informed Howard Miles that when Scott Combs paid the $50,000.00 balance, this amount was to be paid to Kent Browning. Kent Browning, when he became aware of the verbal assignment, became significantly more interested regarding Scott Combs' payments, or lack thereof;

{¶ 13} "11. Scott Combs, because of his precipitous income decline, was not able to pay Maria Barnett the $30,000.00 in the anticipated time frame. Mr. Combs, however, did make payments reflecting the monthly amount due on the National City loan through August 2008. (Exhibit 12) Ms. Barnett, after this, refused further payments;

{¶ 14} "12. Ms. Barnett, in April 2009, decided to pay off the National City

Bank loan by cashing in a certificate of deposit. The loan payoff amount was $28,464.87 (Exhibit 9);

{¶ 15} "13.  Maria Barnett paid $1959.44 on the National City loan from September 2008 through March 2009;

{¶ 16} "14.  Ms. Barnett, through March 11, 2010, paid expenses associated with 2440 Merrill Road (property taxes, insurance, trash pick-up) in the amount of $7,926.76.  (Exhibit 13)  This amount is subject to a $220.87 property tax credit (Exhibit P);

{¶ 17} "15.  Kent Browning, when he became aware that he was to receive $50,000.00, decided he was entitled to interest on the unpaid balance.  Kent Browning talked to Scott Combs concerning this issue and it was agreed that Scott Combs, beginning in January 2008, would pay six percent (6%) simple interest on the unpaid balance with payments in the amount of $750.00 payable quarterly.  Mr. Combs made one quarterly $750.00 payment;

{¶ 18} "16.  The interest issue also precipitated Kent Browning's cause of action for conversion stemming from Scott Comb's destruction of items of personal property belonging to Kent Browning. ***;

{¶ 19} "17.  Howard and Leah Miles and Clifford Browning have disclaimed any interest in 2440 Merrill Road. ***."

{¶ 20} Ultimately, Maria Barnett brought suit against Scott Combs seeking damages for breach of an unrecorded land contract and foreclosure.  Combs counterclaimed, originally seeking reformation of the land contract on the ground that $50,000 of the $80,000 owed on the property was payable to Howard Miles.

He later amended his counterclaim to assert civil aiding and abetting to commit fraud. Several other parties were brought into the litigation, however they are not parties to this appeal and the claims by and against them are not relevant to this appeal.

{¶ 21} Combs's sole assignment of error is directed to the following portion of the trial court's conclusions of law:

{¶ 22} "The $80,000, which is now slightly reduced, is *** owed to Maria Barnett. There is, since neither the original agreement between Scott Combs and Howard and Leah Miles nor the August 1, 2007 writing contemplated interest, no retroactive interest owed. The remaining balance due, reflecting the April 2009 $28,464.87 payoff of the National City loan, further reflecting a $750.00 credit for the interest payment Scott Combs paid Kent Browning, and finally reflecting the Court's conclusion that the remaining $50,000.00 is also owed to Maria Barnett, is $77,714.87."

{¶ 23} Combs claims that the trial court's conclusion that he owes the $50,000 is against the manifest weight of the evidence.

{¶ 24} The weight to be given the evidence and the credibility of the witnesses are primarily matters for the trier of fact to determine. *In re Guardianship of Smith*, Clark App. No. 09 CA 69, 2010-Ohio-4528, ¶19, citing *State v. DeHass* (1967), 10 Ohio St.2d 230. The court of appeals has an obligation to presume that the findings of the trier of fact are correct. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶24. "This presumption arises because the trial judge [or finder-of-fact] had an opportunity 'to view the witnesses and observe their

demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' *** 'A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.'" (Internal citations omitted.) Id.

{¶ 25} A trial court's judgment will be reversed only if its factual findings are against the manifest weight of the evidence. *KeyBank Natl. Assn. v. Mazer Corp.*, Montgomery App. No. 23483, 2010-Ohio-1508, ¶36. In the civil context, a judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if there is some competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, syllabus; *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶24.

{¶ 26} To support his argument, Combs relies upon the CD transcript of the bench trial. According to the files on the CD, the bench trial began at approximately 9:40 a.m. and concluded shortly after 4:00 p.m. On August 4, 2010, after the CD of the bench trial was filed, Combs moved for an extension of time to file the "transcript of proceedings." We granted that motion and allowed him until September 1, 2010 to file the transcript. No written transcript of the bench trial was filed.

{¶ 27} In June 2011, Barnett moved to dismiss this appeal on the grounds that Combs had failed to file both a written transcript and his appellate brief.

Barnett noted that Combs had received an extension until September 1, 2010 to file the transcript, but "Combs has done nothing since then." Combs responded, in part, that he had filed the CD of the bench trial and, citing App.R. 9(A), asserted that the CD constituted the transcript.

{¶ 28} In reviewing an assigned error on appeal, pursuant to App. R. 12(A)(1)(b), we are confined to the record that was before the trial court as defined in App. R. 9(A). See *Lamar v. Marbury* (1982), 69 Ohio St.2d 274, 277. App. R. 9(A) provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." At the time the record was filed in this case, App.R. 9(A) further provided that "[w]hen the transcript of proceedings is in the videotape medium, counsel *shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.*" (Emphasis added).

{¶ 29} Under App.R. 9(B), the appellant has the duty to provide a transcript for appellate review. Former App.R. 9(B) stated, in part, that "*** the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record ***." Absent a written transcript, we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. *Banks v. Regan*, Montgomery App. No. 21929,

2008-Ohio-188, ¶2; *State v. Like*, Montgomery App. No. 21991, 2008-Ohio-1873, ¶33.  In this instance, we can only review the exhibits presented by the parties during the bench trial.

{¶ 30} From the limited record before us, we find nothing that affirmatively demonstrates error.  Plaintiff's Exhibit 2 is a copy of the quit-claim deed from Clifford Browning to Barnett, which conveyed the property to Barnett on July 16, 2007.  Plaintiff's Exhibit 1, the document signed by Barnett and Combs on August 1, 2007, indicates that Barnett was selling the 2440 Merrill Road property to Combs for $150,000, with a balance of $80,000.  The document further indicates that "[w]hen the remaining $80,000.00 is paid, the house *** will be PAID IN FULL."  On its face, this document supports the trial court's conclusion that Combs owed the remaining $80,000 to Barnett.  The parties apparently presented testimony regarding Exhibit 1, but we are unable to review that testimony.  On appeal, Combs discusses other agreements between the Mileses and Clifford Browning and between Combs and the Mileses, but apparently none of these agreements was memorialized in writing.  Plaintiff's Exhibit 4 consists of copies of receipts for payments to the Mileses from Combs; however, these receipts do not establish that Combs was purchasing the Merrill Road property from the Mileses, rather than Barnett.  None of Barnett's additional exhibits or Combs's exhibits affirmatively established error by the trial court.  Given the limited record and the absence of a written trial transcript, we cannot conclude the trial court's judgment was against the manifest weight of the evidence.

{¶ 31} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Marty A. Beyer
Gary W. Gottschlich
Martina M. Dillon
Hon. Michael L. Tucker