[Cite as *Moore v. Grismer Tire Co.*, 2012-Ohio-1775.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI   COUNTY

RYAN MOORE        :

             :    Appellate Case No. 2011-CA-31

    Plaintiff-Appellant    :

             :    Trial Court Case No. 2011-CV-2437

v.              :

             :

GRISMER TIRE COMPANY    :    (Civil Appeal from Miami County

             :     Municipal Court)

    Defendant-Appellee   :

             :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 20th day of April, 2012.

. . . . . . . . . . .

STEPHEN E. KLEIN, Atty. Reg. #0014351, Klein, Tomb & Collins, LLP, 240 Bohanan Drive, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellant

JOHN K. BENINTENDI, Atty. Reg. #0063690, Post Office Box 145496, Cincinnati, Ohio 45250
and
STEVEN F. STOFEL, Atty. Reg. #0073332, 130 West Second Street, Suite 1850, Dayton, Ohio 45402
    Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1}  Ryan Moore appeals from the trial court's entry of final judgment against him

on his complaint against appellee, Grismer Tire Company, alleging negligence and a violation

of the Ohio Consumer Sales Practices Act (CSPA).

{¶ 2}    Moore advances three assignments of error on appeal. First, he contends the trial court erred in failing to apply the doctrine of res ipsa loquitur. Second, he claims the trial court erred in deciding the case based on his purported lack of credibility. Third, he asserts that the trial court erred in failing to find a CSPA violation.

{¶ 3}    The record reflects that Moore took his 2000 Toyota Celica to Grismer for an oil change on May 11, 2009. After having the oil changed, he drove the car 3,870 miles without incident over a two-month period. Then, on July 9, 2009, the car's oil light illuminated as Moore was driving on the interstate. He pulled off the road and noticed oil on the pavement. He had the car towed to a repair shop. An examination of the engine revealed that the oil drain plug was missing, which had caused the engine to lose its oil. The loss of oil ruined the engine.

{¶ 4}    On October 1, 2009, Moore sued Grismer, alleging that its employee, Hank Banks, had not properly tightened the oil drain plug after changing his car's oil. The case proceeded to a bench trial before a magistrate. Moore testified that he checked his oil a month or so after the oil change and that the oil level was normal. Moore also testified that no oil had leaked on his concrete driveway or garage floor between May 11, 2009, and July 9, 2009. On cross examination, Moore testified about notes he and his father had written concerning the incident on July 9, 2009. Although he was unsure, Moore thought the notes had been written before he had his engine replaced. Among other things, the notes made reference to the number of threads on the oil plug. Moore stated that he was unsure whether he had the missing oil plug in his possession when he compiled the notes but that he did not believe so.

**{¶ 5}** The next witness was Jay Hensley, a mechanic who testified as an expert for Moore. Hensley testified that an oil drain plug "should not ever fall out" if it is tightened properly. Hensley further testified that he had examined the threads on the Celica's oil pan and that they looked good. This observation led him to believe that damaged threads did not cause Moore's car to lose its oil plug. He opined that the oil plug "had to be left loose" by "whoever changed the oil." On cross examination, Hensley admitted that an oil plug can come out for two reasons: either someone removes it or it falls out after being improperly installed. He acknowledged not knowing whether Grismer improperly installed the oil plug by not tightening it enough. Hensley also testified about his experience performing oil changes. He stated that oil starts to "seep" or "drip" as the drain plug is loosened. Despite having more than thirty-two years of experience, he was unable to recall a situation where a loose drain plug had failed to leak oil. Finally, he stated that either the Grismer employee who performed the oil change failed to tighten the plug or someone later loosened it.

**{¶ 6}** A second mechanic, Robert Cross, also testified as an expert for Moore. Cross testified that if the Grismer employee had reinserted the oil drain plug properly it should not have fallen out on July 9, 2009. Cross also opined that the plug in Moore's car could have been left loose by the Grismer employee and not leaked or dripped any oil prior to falling out. Cross stated that he occasionally finds a very loose drain plug that is not leaking oil when he performs oil changes. He recognized two possible reasons why Moore's plug fell out on July 9, 2009: either someone removed it or it was not properly tightened by Grismer. Cross admitted not knowing which event had occurred.

**{¶ 7}** The last witness was Hank Banks, the Grismer employee who had performed

Moore's oil change. After being qualified as an expert witness for the defense, Banks testified about the procedure he uses when he performs oil changes. He explained that he marks the oil pan and drain plug with a paint line as part of the procedure. That way, he can tell if the plug has been tampered with or removed after his oil change. Banks could not examine Moore's plug after the July 9, 2009, incident because he was not provided with it. Banks testified, however, that he knows he tightened the drain plug because he examined Moore's oil pan after the incident and saw his paint mark on it. Banks explained: "I'm not gonna mark it unless I know it's tight." Banks also testified that Moore's car would have started leaking oil soon after his oil change if the drain plug had been too loose. According to Banks, "[i]f [the plug] is backed out in any little bit, you're going to get leaks, and, uh, not to mention if they are left loose, an engine puts off standard harmonic vibrations, like a lawnmower. And it would actually vibrate the drain plug out a lot sooner than the mileage that was indicated on the vehicle." Banks added that he had never seen a car travel 3,870 miles with a loose oil drain plug and not leak before the plug fell out. Later, on cross examination, Banks reiterated his opinion, stating: "[P]rior to [a drain plug falling out], it's not going to come out all of the sudden. It takes time. And during that time, oil will seep past the threads of the pan and the drain plug. Therefore, leaving traces of oil on garage floors, roads, whatever. It's gonna leave traces of oil."

{¶ 8} After considering the evidence, the magistrate filed an April 28, 2011 decision and entry, ruling in favor of Grismer on Moore's claims. In his ruling, the magistrate declined to apply the doctrine of res ipsa loquitur. The magistrate also found that Moore had failed to prove negligence by a preponderance of the evidence. In reaching this conclusion, the

magistrate described Moore's testimony as "not particularly credible." The magistrate then rejected the CSPA claim, noting that it was predicated on Banks having negligently changed the oil.

**{¶ 9}** In response to a subsequent motion by Moore, the magistrate filed "Specific Findings of Fact and Conclusions of Law" on July 25, 2011. Therein, the magistrate expressly found that Moore and his witnesses were not credible. The magistrate further found that Grismer employee Banks had followed "the standard procedure with respect to tightening the oil drain plug and marking it with a paint-line[.]" The magistrate also found a lack of sufficient, credible evidence to show that the loss of oil on July 9, 2009, "was proximately caused by the negligence of the Defendant or the Defendant's employee or by some deviation of the standard of care for this type of work by the Defendant or its employee." Moore filed objections to the magistrate's ruling.

**{¶ 10}** The trial court overruled the objections on November 29, 2011. It reasoned in part:

> * * * While the Court has the duty to independently review the decision of the Magistrate when an objection is filed to that decision its clear from reviewing the transcript, that the Magistrate could reasonably conclude that Plaintiff had failed to provide sufficient evidence establishing that the Defendant had committed negligence with respect to the changing of the oil of the Plaintiff's automobile. The Magistrate appears to have determined that the Plaintiff failed to establish that the doctrine of res ipsa loquitur applied in this case. While Plaintiff's car was clearly in the exclusive possession of the

Defendant while the oil change was performed by the Defendant, there is no question that the Plaintiff had the exclusive care, custody and control of the car for eight weeks and 3,870 miles before the damage occurred to the Plaintiff's car for which he is now suing the Defendant for damages.

The Magistrate, who had a chance to observe the demeanor of the parties as well as to listen to their testimony, found that the Plaintiff and his witnesses were not credible. Based upon an independent review of the transcript, it would appear that the Magistrate was correct. The Plaintiff was asked upon cross examination to review Defendant's Exhibit H and was then asked if he had the drain plug in his possession at the time he and his father wrote the note marked Defendant's Exhibit H. The Plaintiff responded that he did not know and that he wasn't sure. The same exhibit contained a notation made by the Plaintiff about how many threads were on the oil drain plug. It is clear that had the drain plug been available for review by all the parties and their respective witnesses, it would have been more likely than not that the issue would have been resolved conclusively. The Court finds that the Magistrate's finding appears to be correct.

As to the issue of a possible violation of the Consumer Sales Practices Act, the Court finds that there does not appear to be any error of findings of fact or conclusions of law with regards to the Magistrate's decision. Since there does not appear to be sufficient credible evidence presented by the Plaintiff supporting his contention of negligence with regards to the actions of the

Defendant relating to the oil change of May 11, 2009, there can be no finding of a violation of the CSPA. As the Defendant correctly argued in its brief, the Plaintiff himself testified that he had no facts to support the allegation that the Defendant was negligent in any way with the installation of the oil drain plug or causing damage to his vehicle. * * *

(Final Entry, Doc. #44 at 1-2).

{¶ 11}   In his first assignment of error, Moore contends the trial court erred in failing to apply the doctrine of res ipsa loquitur. According to Moore, if Grismer employee Hank Banks had tightened the oil drain plug properly, it would not have fallen out. Moore reasons that Banks had exclusive control over the drain plug, that he must not have tightened the plug enough, and that his failure to do so was the proximate cause of the engine failure. Therefore, he asserts that the case fits within the res ipsa loquitur doctrine, which "allows a common sense appraisal of the circumstances surrounding an unusual accident, permitting a [trier of fact] to draw the obvious conclusion that the accident was the defendant's fault and requiring the defendant to explain why the accident was not his fault." *Estate of Hall v. Akron Gen. Med. Ctr*., 125 Ohio St.3d 300, 2010-Ohio-1041, 927 N.E.2d 1112, ¶17.

{¶ 12}   "The doctrine of *res ipsa loquitur* is a rule of evidence permitting, but not requiring, the factfinder to 'draw an inference of negligence when the logical premises for the inference are demonstrated.' Invoking the doctrine is 'merely a method of proving the defendant's negligence through the use of circumstantial evidence. (Citations omitted.)' " *Hunter v. Children's Med. Cntr*., 2d Dist. Montgomery. No. 17103, 1998 WL 879138, *2 (Dec. 18, 1998). Application of the rule requires evidence " '(1) [t]hat the instrumentality

causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.' " *Id.,* quoting *Hoke v. Wiedemann Brewing Co.,* 23 Ohio St.2d 65,67, 262 N.E.2d 703 (1970).

{¶ 13}   We find no error in the trial court's rejection of res ipsa loquitur here. When Moore's engine lost its oil on July 9, 2009, the drain plug had not been under Grismer's control for two months. In that time, Moore had driven his car 3,870 miles. In support of his res ipsa argument, Moore presumes that Grismer employee Hank Banks was the last person to touch the plug before it fell out. Therefore, he infers that the drain plug necessarily was under Grismer's control at the time of the creation of the condition (i.e., insufficient tightening) that caused the engine failure.

{¶ 14}   One problem with Moore's argument is that the evidence supports an equally plausible, alternative inference. Moore's own expert Jay Hensley admitted that oil typically starts to "seep" or "drip" as an oil drain plug becomes loose. He could not recall a situation where a loose drain plug failed to leak oil. (Trial transcript at 80-81). This testimony is consistent with Banks's own opinion. He testified that Moore's car would have started leaking oil soon after his oil change if the drain plug had been left loose. He also opined that a loose plug would have fallen "out a lot sooner than the mileage that was indicated on the vehicle." Banks testified that he had never seen a car travel 3,870 miles with a loose oil drain plug and not leak before the plug fell out. (*Id.* at 126-127).

{¶ 15}   The foregoing testimony, which the trial court was entitled to credit, supports

the reasonable inference that Banks properly tightened the drain plug when he changed the oil in Moore's car. This is so because Moore admitted that his car leaked no oil between May 11, 2009, when he had the oil changed, and July 9, 2009, when the engine lost all of its oil. (*Id*. at 29-31). Because the evidence reasonably supports a finding that Banks was not negligent and that Grismer did not have exclusive control of the oil drain plug at the critical time, the trial court's refusal to apply res ipsa loquitur is supported by the record. Accordingly, Moore's first assignment of error is overruled.

{¶ 16} In his second assignment of error, Moore claims the trial court erred in deciding the case based on his purported lack of credibility. Moore reasons that the trial court erred in finding his own testimony not credible, while ignoring "uncontradicted" evidence that "[t]he last person to touch the drain plug proximately caused the motor damage" and that "Grismer's employee was the last person to touch the drain plug."

{¶ 17} Upon review, we find Moore's argument to be without merit. "The weight to be given the evidence and the credibility of the witnesses are primarily matters for the trier of fact to determine." *Barnett v. Combs*, 2d Dist. Montgomery No. 24134, 2011-Ohio-5947, ¶24. "We cannot reverse a decision simply because we might hold a different opinion regarding the evidence submitted and the credibility of the witnesses." *Id.* In the exercise of its fact-finding function, the trial court was permitted to find Grismer's witness, Hank Banks, more credible than Moore and his witnesses.

{¶ 18} In any event, we note that Banks's expert and Moore's own expert Jay Hensley essentially agreed on a key point: Moore's car should have been dripping oil between May 11, 2009, and July 9, 2009, if Banks had left the oil drain plug too loose. Moore testified

that his car was not dripping oil during that time. This evidence supports a reasonable inference that Banks properly tightened the drain plug and that, if it was loosened, someone other than Banks loosened it *after* the May 11, 2009 oil change. Accordingly, Moore's second assignment of error is overruled.

{¶ 19} In his third assignment of error, Moore asserts that the trial court erred in failing to find a CSPA violation. We disagree. The CSPA claim depends on a finding that Banks negligently performed an oil change. Because the evidence supports the trial court's finding that Moore failed to prove negligence, the CSPA claim necessarily fails. The third assignment of error is overruled.

{¶ 20} The judgment of the Miami County Municipal Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Stephen E. Klein
John K. Benintendi
Steven F. Stofel
Hon. Elizabeth S. Gutmann