**[Cite as *Bank of Am., N.A. v. Longberry*, 2014-Ohio-2818.]**

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### CHAMPAIGN COUNTY

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.    2014-CA-9 |
| | : | |
| v. | : | Trial Court Case No.   2012-CV-288 |
| | : | |
| MELANIE D. LONGBERRY, et al. | : | |
| | : | (Civil Appeal from |
| Defendant-Appellant | : |  Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . . .

GREGORY A. STOUT, Atty. Reg. No. 074673, 3962 Red Bank Road, Cincinnati, Ohio 45227
      Attorney for Plaintiff-Appellee

BRIAN K. DUNCAN, Atty. Reg. No. 0080751, BRYAN D. THOMAS, Atty. Reg. No. 0084659,
600 South High Street, Suite 100, Columbus, Ohio 43215
      Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendants-appellants, Melanie D. Moxley, f.k.a. Melanie D. Longberry, and Chad M. Moxley, appeal from the decree of foreclosure issued by the Champaign County Court of Common Pleas in favor of plaintiff-appellee, Bank of America, N.A. For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} In 2009, the Moxleys obtained a home loan from Bank of America, N.A. ("BOA"). They executed a promissory note for $107,908 in favor of BOA and gave a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as BOA's nominee. On July 13, 2012, MERS assigned the mortgage to BOA.

{¶ 3} The Moxleys defaulted on the terms of the note by failing to make the required installment payments. As a result, BOA filed a complaint in foreclosure on September 14, 2012. Attached with BOA's complaint were copies of the promissory note, mortgage, and assignment of mortgage. In response to the complaint, the Moxleys filed a letter dated October 19, 2012, informing the court that they were working with their bank account manager to determine whether they could get their loan modified.

{¶ 4} On May 17, 2013, BOA filed a motion for summary judgment and an affidavit of one of BOA's assistant vice presidents averring that the Moxleys were in default of their loan. Attached with the affidavit was an account information statement itemizing the principal and interest due on the loan. The trial court gave the Moxleys until June 28, 2013, to respond to BOA's motion.

{¶ 5} On June 7, 2013, the Moxleys filed a second letter with the court that included documentation indicating they had been approved for a loan modification subject to successfully

completing a three-month trial payment plan. In the letter, the Moxleys admitted that they had defaulted on the trial payment plan and that they were going to have to reapply for a loan modification.

{¶ 6} On July 2, 2013, the trial court gave the Moxleys 90 days to work out the loan modification and ordered BOA to advise the court of the loan modification status by September 30, 2013. As ordered, BOA filed a notice on September 30, 2013, advising the court that the Moxleys were ineligible for a loan modification. BOA also notified the court of its intention to proceed with the foreclosure.

{¶ 7} The trial court held a status conference on January 24, 2014, and issued a journal entry stating that the court could not order BOA to modify the Moxleys' loan. The court also indicated that it would rule on BOA's pending motion for summary judgment, which was unopposed. On January 31, 2014, the trial court granted summary judgment in favor of BOA and entered a decree of foreclosure against the Moxleys.

{¶ 8} The Moxleys now appeal from the trial court's decree of foreclosure, raising one assignment of error for review.

**Assignment of Error**

{¶ 9} The Moxleys' sole assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE REMAINED GENUINE ISSUES OF MATERIAL FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶ 10} Under their sole assignment of error, the Moxleys contend that the trial court should not have entered summary judgment in favor of BOA because genuine issues of material fact remain.

{¶ 11} "A trial court may grant a moving party summary judgment pursuant to Civ.R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." (Citation omitted.) *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist.1999); Civ.R. 56(C). " 'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.' " *Nationstar Mtge., L.L.C. v. West*, 2d Dist. Montgomery No. 25813, 2014-Ohio-735, ¶ 16, quoting *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10. (Other citations omitted.) The defendant's response, by affidavit or otherwise provided in Civ.R. 56, "must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id*.

{¶ 12} In this case, BOA presented all of the required evidence entitling it to summary judgment. Attached to BOA's complaint were the Moxleys' promissory note to BOA, the mortgage to MERS, and the assignment of mortgage transferring the mortgage from MERS to BOA. The complaint avers that all conditions precedent have been satisfied. Additionally,

BOA filed with its motion for summary judgment an affidavit of its assistant vice president averring that the Moxleys were in default of their loan. Attached with the affidavit was an account information statement showing the amount of principal and interest due on the loan.

{¶ 13} The Moxleys did not file a response challenging BOA's motion for summary judgment. Rather, they filed a letter with the trial court on June 7, 2013, which outlined their failed attempts to secure a loan modification. Through the letter, the Moxleys effectively admitted that they were in arrears with their loan payments. Moreover, the letter does not set forth specific facts establishing the existence of a genuine issue of material fact, nor does it contradict BOA's evidence in support of summary judgment.

{¶ 14} We also note that the Moxleys argue, for the first time on appeal, that they have entered into an enforceable loan modification agreement to which they have been in compliance. However, no evidence of this loan modification agreement was presented to the trial court; therefore, the alleged agreement cannot be considered in this appeal. *See Barnett v. Combs*, 2d Dist. Montgomery No. 24134, 2011-Ohio-5947, ¶ 28, citing *Lamar v. Marbury*, 69 Ohio St.2d 274, 277, 431 N.E.2d 1028 (1982) ("In reviewing an assigned error on appeal, pursuant to App. R. 12(A)(1)(b), we are confined to the record that was before the trial court as defined in App. R. 9(A)").

{¶ 15} Because the record establishes that BOA presented sufficient evidence entitling it to summary judgment, and because the Moxleys failed to file a response establishing that a genuine issue of material fact exists, we find that summary judgment was correctly granted in favor of BOA.

{¶ 16} The Moxleys' sole assignment of error is overruled.

[Cite as *Bank of Am., N.A. v. Longberry*, 2014-Ohio-2818.]

## Conclusion

{¶ 17}   Having overruled the Moxleys' sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN and HALL, JJ., concur.

Copies mailed to:

Gregory A. Stout
Brian K. Duncan
Bryan D. Thomas
Hon. Nick A. Selvaggio