[Cite as *Stanfield v. On Target Consulting*, 2017-Ohio-8830.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| THOMAS MARK STANFIELD, | : | APPEAL NO. C-160890 |
| and | : | TRIAL NO. A-1406435 |
| ANNA MARIA D'AMICO, | : | *O P I N I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| ON TARGET CONSULTING, LLC, | : | |
| and | : | |
| BERNIE KURLEMANN, | : | |
| Defendants, | : | |
| and | : | |
| ROBERT A. DAVIS, | : | |
| Defendant-Appellant. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 6, 2017


*Strauss Troy Co., LPA, Theresa L. Nelson* and *Christopher J. Groeschen,* for Plaintiffs-Appellees,

*Dinsmore & Shohl, LLP, Bryan E. Pacheco* and *Mark G. Arnzen, Jr.,* for Defendant-Appellant.

**MOCK, Judge.**

{¶1} Plaintiffs-appellees Thomas Mark Stanfield and Anna Marie D'Amico ("appellees") filed suit against defendant-appellant Robert A. Davis and others for breach of contract arising from liability in a foreclosure action. Appellees received a default judgment against Davis and the others in the amount of $74,662.69.

{¶2} In August 2016, appellees moved for an order charging Davis's alleged interests in Firehouse Grill, LLC, Firehouse Partners, LLC, and Murody Marketing, LLC. Appellees presented documents to demonstrate his membership interests, including Davis's 2014 income tax return, which showed income from the three companies, and records from the Ohio Department of Commerce, Division of Liquor Control for the years 2011 to 2016 in which the companies had renewed their liquor licenses listing Davis alternately as "owner," "manager," and "partner."

{¶3} In response, Davis presented copies of operating agreements from the three companies. The operating agreement for Firehouse Grill, LLC, amended on February 2, 2014, listed only Molly Davis and Jeff Saley as members. The operating agreement for Firehouse Partners, LLC, executed on February 2, 2014, listed only Molly Davis and Jeff Saley as members. And the operating agreement for Murody Marketing, LLC, executed on May 19, 2011, listed only Molly Davis as a member.

{¶4} The trial court granted appellees' motion. In two assignments of error, Davis now appeals.

### Trial Court Lacked Competent Evidence of Membership

{¶5} In his first assignment of error, Davis argues that the trial court erred when it granted appellees' motion for a charging order on the limited-liability companies at issue in this case. We agree.

2

{¶6} Pursuant to R.C. 1705.19, a judgment creditor of a member of a limited-liability company may apply to a court of common pleas to charge the membership interest of the member for payment of an unsatisfied judgment. A charging order is a judgment creditor's sole and exclusive remedy to satisfy a judgment against the membership interest of a limited-liability-company member. R.C. 1705.19(B). R.C. 1705.01(G) defines "member" as "a person whose name appears on the records of the limited liability company as the owner of a membership interest in that company." R.C. 1705.01(H) defines "membership interest" as "a member's share of the profits and losses of a limited liability company and the right to receive distributions from that company."

{¶7} Davis argues that the evidence established that he was not a member of the limited-liability companies, and therefore had no membership interest to be charged. He claims that the operating agreements conclusively established this fact. On the other hand, appellees argue that the documents they presented established that he was a member. They claim that the records from the Division of Liquor Control were "records of the limited liability company" as that phrase is used in R.C. 1705.01(G). They contend that, since the Revised Code does limit "records of the limited liability company" to the company's operating agreement, the phrase should include any document "that records or documents past events" of the company. Essentially, appellees propose that "records of the limited liability company" should include any documents generated by the company in the normal course of business.

{¶8} While we agree that the Revised Code does not define "records of the limited liability company," we reject appellees' proposed definition as unworkably broad. The Tenth Appellate District addressed the question in *Matthews v. D'Amore*, 10th Dist. Franklin No. 05AP-1318, 2006-Ohio-5745. In that case, the

3

court was called upon to determine who the members of a limited-liability company were. After reciting the definitions of "member" and "membership interest" found in R.C. 1705.01, the court reasoned that

[i]t is well-settled that "[t]he paramount consideration in determining the meaning of a statute is legislative intent." *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, [811 N.E.2d 68,] ¶ 34, citing *State ex rel. Asberry v. Payne*[, 82 Ohio St.3d 44, 47, 693 N.E.2d 794 (1998)]. To determine such intent, a court must first look at the words of the statute itself. "It is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretative effort is at an end, and the statute must be applied accordingly." *Provident Bank v. Wood*[, 36 Ohio St.2d 101, 105-106, 304 N.E.2d 378 (1973)], citing *Sears v. Weimer*[, 143 Ohio St. 312, 55 N.E.2d 413 (1944)]. A court must also bear in mind that "[s]tatutes concerning the same subject matter must be construed in pari materia." *In re C. W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, [818 N.E.2d 1176,] ¶ 7, citing *In re Hayes*[,79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997)]. With these principles in mind, we conclude, reading R.C. 1705.01(G) and (H) in pari materia, that to be a "member" of a limited liability company, a person's name must appear on the company records as one who shares in the company's profits and losses and has a right to receive distributions from the company.

*Id.* at ¶ 32. The *Matthews* court determined that an operating agreement was the record that sets forth the membership interests of the parties, and was the appropriate document to consider when determining the identity of the members of a limited-liability company. The court recognized that, while articles of organization and agent-appointment forms may qualify as "company records," they were not "records of the limited liability company"—documents that listed "a person's name as one who shares in the company's profits and losses and has a right to receive distributions from the company."

{¶9}     While we conclude that the reading of the statute by the *Matthews* court may be unduly narrow, we agree that the consideration of other statutes regulating limited-liability companies may provide guidance to our inquiry. R.C. 1705.28(A) requires the principal office of a limited-liability company to keep certain records:

(1) A current list of the full names, in alphabetical order, and last known business or residence address of each member;

(2) A copy of the articles of organization, all amendments to the articles, and executed copies of any powers of attorney pursuant to which the articles or the amendments have been executed;

(3) A copy of any written operating agreement, all amendments to that operating agreement, and executed copies of any written powers of attorney pursuant to which the operating agreement and the amendments have been executed;

(4) Copies of any federal, state, and local income tax returns and reports of the company for the three most recent years;

(5) Copies of any financial statements of the company for the three most recent years;

(6) Unless contained in a written operating agreement, a writing setting forth all of the following:

> (a) The amount of cash, and a description and statement of the agreed value of any other property or services, that each member has contributed and has agreed to contribute in the future;

> (b) Each time at which and each event on the occurrence of which any additional contribution agreed to be made by each member is to be made;

> (c) Any right of the company to make to a member, or of a member to receive, any distribution that includes a return of all or any part of his contribution;

> (d) Each event upon the occurrence of which the company is to be dissolved and its affairs wound up.

{¶10}   We find this list of records instructive.  All of the records listed are records maintained by a limited-liability company for the purpose of its corporate governance.  Limiting the class of records to those documents involving corporate governance that establish a membership interest in a limited-liability company works in harmony with statutes like R.C. 1705.28(A), provides the most reliable information regarding the company's structure and operation, and gives the trial court guidance as to which records to examine to determine whose name appears as an owner "entitled to receive distributions and share in the profits and losses."  We therefore hold that, when determining if an individual is a member of a limited-

6

liability company for the purpose of R.C. 1705.19, the trial court must consider records maintained by the company for the purpose of its corporate governance that name those owners entitled to receive distributions and share in the profits and losses of the company.

{¶11} Using this definition of "records of the limited liability company," appellees failed to produce evidence that Davis was a member of any of the three limited-liability companies. A company's filings with the Ohio Liquor Commission are documents relating to the company's business operation, not its corporate governance. And Davis's personal income tax returns were not documents from any of the companies. Documents that are not "records of the limited liability company" are insufficient as a matter of law to provide a basis for the issuance of a charging order pursuant to R.C. 1705.19.

{¶12} On the other hand, Davis presented copies of the operating agreements for the three companies which demonstrated that Davis was not a member of any of the three companies at the time appellees filed their motion for a charging order. Therefore, the only "records of the limited liability [companies]" before the trial court established that Davis was not a member of Firehouse Grill, LLC, Firehouse Partners, LLC, or Murody Marketing, LLC. The trial court erred when it granted appellees' motion for a charging order. We sustain Davis's first assignment of error

### No Hearing Required

{¶13} In his second assignment of error, Davis claims that the trial court erred when it failed to conduct a hearing before granting appellees' motion for a charging order. Since the trial court should have denied the motion, Davis's second assignment of error is moot.

**Conclusion**

**{¶14}** Having determined that the trial court lacked competent evidence upon which to base its decision to grant appellees' motion for a charging order, we reverse the judgment of the trial court, and remand the cause to the trial court with instructions to overrule the appellees' motion.

Judgment reversed and cause remanded.

**ZAYAS** and **MYERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.