[Cite as *In re I. W.*, 2019-Ohio-1515.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  I.W.  :  APPEAL NO. C-180095
TRIAL NO. F11-53X

:

:  *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 24, 2019

*John H. Flessa*, for Appellee Father,

*Jonathan E. Schiff*, for Appellant Mother.

**BERGERON, Judge.**

{¶1} Two parents come before us disputing custody of their child. Although the child initially lived with her mother, a series of incidents prompted the father to seek custody. After a hearing before a magistrate, the juvenile court awarded custody to Father. Mother appeals, criticizing the analysis and findings of the trial court and belatedly challenging the admission of evidence not objected to below. For the reasons indicated below, we find no error and accordingly affirm the trial court's decision.

I.

{¶2} This case originated as a custody petition for I.W. filed by Father. After a hearing before the magistrate on the custody issue, the magistrate issued a decision granting legal custody to Father over the objections of Mother. The magistrate's decision reflects an analysis of various factors under R.C. 3109.04(F), such as health issues that the child experienced, lack of immunizations, the magistrate's own in camera interview with the child, and other evidence presented at the hearing.

{¶3} Mother subsequently filed objections to the magistrate's decision, attacking that decision as not based on the facts, and criticizing the purported failure of the magistrate to consider that I.W. had lived with Mother for the past nine years and that certain reports of questionable conduct were not substantiated.

{¶4} But to challenge these factual findings, Mother needed to file a transcript of the proceeding before the magistrate. After objections were lodged in mid-November, the parties appeared before the juvenile court judge, who ordered Mother to provide transcripts of the magistrate proceedings by December 14, 2017. That date came and went with no relevant filings and no transcripts. The day before the scheduled hearing on January 24, Mother filed a last-minute motion for a continuance, requesting additional time to file the

transcripts.  The juvenile court denied that belated request and ultimately entered the order awarding custody to Father.  Mother now appeals.

II.

{¶5}    On appeal, Mother first challenges the court's findings and argues that the court erred in assessing the best interests of the child.  Specifically, she frames her objection as attacking the court for its consideration of her refusal to immunize the child.

{¶6}    R.C. 3109.04(F)(1) requires the court to consider "all relevant factors" in determining the child's best interest for purposes of making a custody determination and delineates factors for the court to consider in making its determination.  No single factor is controlling under R.C. 3109.04, and the weight to be given to each factor falls within the court's discretion.  *In re E.N.,* 1st Dist. Hamilton No. C-170272, 2018-Ohio-3919, ¶ 23. Understandably, the trial court often sits in the best position to assess the witnesses and other parties in the proceeding. *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).

{¶7}    Therefore, we review Mother's challenges regarding the determination of custody in this case under an abuse-of-discretion standard.  Abuse of discretion requires that the lower court's decision was unreasonable, arbitrary, or unconscionable. *In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, 888 N.E.2d 261, ¶ 8.

{¶8}    Mother's argument, however, stumbles at a threshold level.  She had the responsibility to order the transcripts from the magistrate's hearing for consideration of her objections, as required by Civ.R. 53(D)(3)(b)(iii).   The record reflects that Mother disregarded deadlines to file the transcripts, and she does not assign error based on the juvenile court's adherence to its prior orders.  Based on the failure to provide transcripts, the trial court noted that it had no choice but to accept the magistrate's findings of fact as accurate because nothing in the record contradicted those findings. Indeed, in the absence

3

of the transcripts, a reviewing court generally limits review of the magistrate's findings to the legal conclusions. *In re Woolridge*, 1st Dist. Hamilton No. C-980545, 1999 WL 650615 (Aug. 27, 1999).

{¶9}    Since the trial court did not have the benefit of the transcripts at the time it reviewed the magistrate's decision, it likewise precludes us from considering them: "Where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, the appellate court is precluded from considering the transcript of the magistrate's hearing." *Colbur Tech, L.L.C. v. Zerco Sys. Internatl., Inc.,* 7th Dist. Mahoning No. 09-MA-70, 2010-Ohio-4318, ¶ 10.

{¶10} Perhaps appreciating that point, Mother attempts to frame as a legal issue that the court below erred in considering the refusal to immunize her child.  She claimed that her religious convictions as a Christian compelled her decision not to immunize I.W. (seeking the protections of R.C. 3313.671(B)(4)).   The magistrate, assessing Mother's credibility, viewed this as a dubious proposition at best.  Specifically, the judge noted that Mother could not identify which denomination she belonged to nor what teachings dictated the refusal to immunize.

{¶11} Given the record before the magistrate, he certainly appeared justified in failing to credit this explanation.  But we need not delve into the question of faith here to reach our conclusion, because even if the court erred in considering the immunization issue, abundant support for the magistrate's decision pervades the record.  The magistrate identified various other health issues such as I.W.'s extensive tooth decay requiring surgery and a case of worms that I.W. experienced.  Other areas of concern included I.W.'s school records and poor attendance, Mother's disregard for court-ordered visitation for Father, and the fact that Mother likely committed fraud by obtaining two social security cards in different names for I.W., thus receiving benefits that she could not explain.

{¶12} Based on our review of the record, we can find no abuse of discretion committed by the court below in analyzing the child's best interest under R.C. 3109.04. Therefore, the first assignment of error is overruled.

{¶13} Next, as her second assignment of error, Mother seeks reversal based on the admission of certain alleged hearsay evidence. Specifically, she argues that an intake narrative from Hamilton County Job and Family Services ("HCJFS") constitutes double hearsay. She also suggests that several other exhibits such as school records, medical records, and records from HCJFS likely contain inadmissible hearsay, but she offers no elaboration as to why these exhibits are inadmissible. She readily concedes that no objections were raised to any of this evidence below, limiting our review to plain error.

{¶14} A party's failure to object forfeits review for all but plain error, which appellate courts will invoke when the error is of such seriousness that it affects "the basic fairness, integrity, or public reputation of the judicial process." (Citation omitted.) *McNeil v. Kingsley*, 178 Ohio App.3d 674, 2008-Ohio-5536, 899 N.E.2d 1054, ¶ 24 (3d Dist.). However, invocation of the plain-error doctrine in civil cases is rare and is only employed by the court in instances in which "the error complained of 'would have a material adverse [e]ffect on the character and public confidence in judicial proceedings.' " *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 480 N.E.2d 802 (1985), quoting *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001 (1982).

{¶15} We also presume that when a judge acts as a finder of fact, as was the case here, the judge only relied on the relevant evidence in reaching the decision. *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65 (1968); *In re D.W.*, 8th Dist. Cuyahoga No. 84547, 2005-Ohio-1867, ¶ 29. The only specific piece of evidence that Mother fashions a hearsay argument about (Exhibit 10) is described in the magistrate's decision, but it is unclear what weight, if any, the court assigned to that exhibit. And Mother fails to explain the

significance of this piece of evidence from a plain-error standpoint (i.e., assuming it is inadmissible hearsay, how she was prejudiced in light of the other evidence contained in the record). Given the height of the plain-error standard, Mother's inability to demonstrate prejudice spells the demise of this argument. Accordingly, we overrule the second assignment of error.

{¶16} Finally, Mother appears to present an ineffective-assistance-of-counsel claim, but she did not separately assign error on that basis, nor did she present any authority to show that such a claim would be cognizable on these facts. While we certainly understand her frustrations with counsel, her failure to properly present this argument precludes us from considering it. *See, e.g.,* App.R. 12(A) and 16(A).

{¶17} For the foregoing reasons, we find no error in the lower court proceedings and overrule both assignments of error. The judgment of the trial court is affirmed.

*Judgment affirmed*.

MOCK, P.J., concurs.
ZAYAS, J., concurs separately.

ZAYAS, J., concurring separately.

{¶18} I concur in the majority's disposition of the assignments of error, but do so for a different reason.

{¶19} As the majority explains, the first assignment of error challenges the magistrate's factual finding that mother was "neglectful in the child's medical problems." This factual finding was based in part on mother's "neglecting required immunizations on some unspecified teaching of the Christian faith * * * ."

{¶20} However, an objection to a magistrate's factual finding must be supported by a transcript filed with the juvenile court as required by Juv.R. 40(D)(3)(b)(iii). In the absence of a properly filed transcript, the trial court "must presume the regularity of the

6

magistrate's factual findings." *In re Spencer*, 1st Dist. Hamilton No. C-070321, 2008-Ohio-2844, ¶ 11.

{¶21} While mother filed a transcript with this court, we cannot consider evidentiary materials that were not properly before the trial court, and therefore, not properly part of our record on appeal. *Id.* at ¶ 11; citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995) (an appellate court is precluded from considering the transcript of a magistrate's hearing filed for the first time with the appellate record); *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E. 2d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

{¶22} Therefore, we must presume the regularity of the proceedings below with respect to the challenged factual findings. *See id.*; App.R. 9; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). On that basis, I would overrule the first assignment of error.

{¶23} In the second assignment of error, mother argues that the trial court erred by admitting 16 exhibits that contained inadmissible double hearsay. Again, without a transcript, the error cannot be demonstrated, and we are bound to presume the regularity of the proceedings. *See id.*

{¶24} Accordingly, I concur in the court's judgment as to both assignments of error but for different reasons than those articulated by the majority.

Please note:

The court has recorded its own entry this date.

7