[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Goldschmidt v. Triggs*, Slip Opinion No. 2024-Ohio-3225.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3225

THE STATE EX REL. GOLDSCHMIDT, APPELLANT, *v*. TRIGGS, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Goldschmidt v. Triggs*, Slip Opinion No. 2024-Ohio-3225.]

Prohibition—Magistrate's order did not exceed trial court's subject-matter jurisdiction—Appellant has or had adequate remedy in ordinary course of law—Court of appeals' judgment dismissing complaint affirmed.

(No. 2023-1649—Submitted July 9, 2024—Decided August 28, 2024.)

APPEAL from the Court of Appeals for Hamilton County, No. C-230555.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Appellant, Ronald Goldschmidt, appeals the First District Court of Appeals' dismissal of his prohibition claim against Judge Alan Triggs and Magistrate Thomas Beridon of the Hamilton County Court of Common Pleas. Goldschmidt alleged that Magistrate Beridon exceeded his authority under Civ.R. 53(C) when he issued a magistrate's order instead of a magistrate's decision. Goldschmidt contends that by exceeding his authority, the magistrate acted without jurisdiction. The appellate court dismissed the claim, holding that the trial court's action was within its jurisdiction and that Goldschmidt had an adequate remedy in the ordinary course of law. We affirm.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} This case stems from a civil action that was filed in 2016. The facts of that case, as summarized by the First District when that case was on appeal before it, are that the City of Cincinnati leased downtown Cincinnati property to Goldschmidt's companies for development and the development was financed with a mortgage loan from U.S. Bank. *435 Elm Investment, L.L.C. v. CBD Investments Ltd. Partnership I*, 2020-Ohio-943, ¶ 2 (1st Dist.). Subsequently, Goldschmidt executed guaranties with U.S Bank, making him personally responsible for payment of the debt. *Id.* In 2016, U.S. Bank filed a lawsuit against Goldschmidt and his companies, seeking a money judgment and foreclosure of the leasehold mortgage. *Id.* at ¶ 2-3. During the course of the litigation, U.S. Bank transferred all of its rights and interests in the loan to 435 Elm Investment, L.L.C., ("Elm Investment"), and Elm Investment was substituted as the plaintiff in the proceedings and subsequently moved for partial summary judgment, seeking a monetary judgment in the amount of the unpaid debt. *Id.* at ¶ 4. Ultimately, Goldschmidt and his companies were found liable for over $1.5 million. *Id.* at ¶ 4.

{¶ 3} Elm Investment sought to collect on its judgment through a charging order, which would allow Elm Investment to collect any funds that Goldschmidt

was entitled to receive based on his membership interest in certain limited-liability companies. *Id*. at ¶ 5. The trial court issued the charging order, but the First District reversed, concluding that several of the companies named in the charging order were not limited-liability companies and that Elm Investment's evidence did not establish that Goldschmidt had a membership interest in the companies that were. *Id*. at ¶ 9-15.

{¶ 4} In September 2023, Elm Investment filed an emergency motion in the trial court, again seeking a charging order to obtain the funds that would otherwise go to Goldschmidt because of his membership interest in several limited-liability companies. A hearing was held before Magistrate Beridon. At the hearing, the parties disputed whether the charging order could be issued as a magistrate's order or whether such an order could be issued only as a magistrate's decision.

{¶ 5} In October, Magistrate Beridon issued a magistrate's order granting the motion for a charging order, finding that Elm Investment had a right to receive any distribution that Goldschmidt would otherwise be entitled to receive with respect to his membership interest in four limited-liability companies. *See* R.C. 1706.342. Because the record before the magistrate was unclear about (1) the amount of money that was held in trust for the benefit of the companies and Goldschmidt and (2) the percentage interest that Goldschmidt had in each of the companies, the order also required (1) an accounting of the companies' funds held in Goldschmidt's counsel's trust account and (2) documentation to confirm the percentage of Goldschmidt's ownership in each company. Goldschmidt subsequently filed a motion in the trial court seeking "relief" from the magistrate's order as well as two motions to stay it, one asking the magistrate for a stay and the other asking the judge for a stay.

{¶ 6} While his motions were pending in the trial court, Goldschmidt filed an original action in the First District seeking a writ prohibiting the magistrate from enforcing the charging order. He alleged that Magistrate Beridon exceeded his

authority in issuing the order because charging orders require judicial approval. He also argued that the accounting ordered by Magistrate Beridon was not permitted under the charging-order statute. Judge Triggs and Magistrate Beridon filed a motion to dismiss, arguing that Magistrate Beridon did not exceed his authority in issuing the order. In response, Goldschmidt reiterated his arguments about the magistrate's limited authority and the requirement of judicial approval of charging orders.

{¶ 7} In November 2023, the First District dismissed the case, holding that a court of common pleas generally has subject-matter jurisdiction to issue a charging order and that "[a]ny error in how a charging order was issued is more an issue of the exercise of jurisdiction and not a patent and unambiguous lack of jurisdiction." The court held that Goldschmidt's ability to file a motion to set aside the magistrate's order constituted an adequate remedy.

{¶ 8} Goldschmidt appealed that judgment as of right, and that appeal is before us.

**ANALYSIS**

{¶ 9} This court reviews de novo a court of appeals' judgment of dismissal for failure to state a claim. *State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶ 10. Dismissal of a complaint for failure to state a claim is appropriate "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311 (1998).

{¶ 10} There are three elements necessary for a writ of prohibition to issue: the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13. However, if an absence of jurisdiction is patent and unambiguous, a relator need not establish the lack of an adequate remedy in the

ordinary course of law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 2008-Ohio-2637, ¶ 15.

{¶ 11} "[T]he court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891); *see also* Ohio Const., art. IV, § 4(B). With limited exceptions, R.C. 2305.01 grants courts of common pleas "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts."

{¶ 12} Goldschmidt's central argument is that under Civ.R. 53(C), Magistrate Beridon lacked the authority to issue the charging order as a magistrate's order. Under Civ.R. 53(C)(1)(a), magistrates are authorized "[t]o assist courts of record" in several ways, including "[d]etermin[ing] any motion in any case." Under Civ.R. 53(D)(2)(a)(i), a magistrate may issue a "magistrate's order" "without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." To address a motion that is dispositive of a claim or defense, a magistrate issues a "magistrate's decision," which is not effective unless it is adopted by the court, Civ.R. 53(C)(4)(a). A party can challenge a magistrate's order through a motion to set aside, and it can challenge a magistrate's decision through written objections; both types of challenges are reviewed by the trial-court judge. Civ.R. 53(D)(2)(b), (D)(3)(b), and (D)(4)(d).

{¶ 13} Goldschmidt asserts that a magistrate cannot issue a charging order as a magistrate's order, because a charging order disposes of a party's claim or defense. In support of this argument, Goldschmidt points to cases in which charging orders were issued by trial-court judges through their adoption of magistrates' decisions. But he does not cite any case in which a court has found that a magistrate's issuing such an order exceeds the subject-matter jurisdiction of the trial court.

{¶ 14} Even assuming that a charging order disposes of a party's claim or defense, the erroneous issuance of a magistrate's order rather than a magistrate's decision does not implicate the subject-matter jurisdiction of the trial court. "Noncompliance with Civ.R. 53 is a procedural irregularity that does not affect the trial court's subject-matter jurisdiction to hear the case." *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 8. This court has previously rejected claims that procedural errors by a magistrate implicate a trial court's subject-matter jurisdiction, finding that such errors render the related decisions voidable, not void. *See, e.g.*, *In re J.J.*, 2006-Ohio-5484, ¶ 16 (erroneous transfer order issued by magistrate "did not divest the juvenile court of jurisdiction"); *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 70-71 (1981) (magistrate's failure to prepare report for judge's review rendered decision voidable, not void). The Sixth and Eighth District Courts of Appeals have similarly found that a magistrate's issuing a magistrate's order when he or she arguably should have issued a magistrate's decision does not exceed the trial court's subject-matter jurisdiction. *State ex rel. Speweik v. Stierwalt*, 2023-Ohio-1470, ¶ 6-7, 18 (6th Dist.); *State ex rel. J.R. v. Jones*, 2022-Ohio-4642, ¶ 30 (8th Dist.).

{¶ 15} In this case, as the First District correctly held, the issuance of the charging order as a magistrate's order did not exceed the subject-matter jurisdiction of the trial court. Because Goldschmidt's allegations do not show that Magistrate Beridon patently and unambiguously lacked jurisdiction to issue the magistrate's order, for a writ of prohibition to issue, Goldschmidt would have to show that he lacked an adequate remedy in the ordinary course of law. But Goldschmidt did have an adequate remedy in the ordinary course of law by way of a motion to set aside the magistrate's order, *see Fipps v. Day*, 2022-Ohio-3434, ¶ 15 (8th Dist.) (A motion to set aside a magistrate's order is an adequate remedy in the ordinary course of law.), and by way of an appeal from any subsequent ruling on such a

motion, *see State ex rel. Mosier v. Fornof*, 2010-Ohio-2516, ¶ 7 (An appeal from a trial court's decision is an adequate remedy in the ordinary course of law.).

{¶ 16} We affirm the First District's judgment because Goldschmidt possesses an adequate remedy in the ordinary course of law to address his objections to the magistrate's order.

## CONCLUSION

{¶ 17} For the foregoing reasons, we affirm the First District Court of Appeals' judgment dismissing Goldschmidt's complaint for a writ of prohibition.

Judgment affirmed.

_____

Statman Harris, L.L.C., Alan J. Statman, and William B. Fecher, for appellant.

Melissa Powers, Hamilton County Prosecuting Attorney, and Dmitriy Bikmayev and Pamela J. Sears, Assistant Prosecuting Attorneys, for appellees.

_____